# Plaintiff's Exhibit "D"

JOHN W. HUBER, United States Attorney (#7226)
VEDA M. TRAVIS, Assistant United States Attorney (#6449)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 1:19-CR-00071 HCN |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| ANTHONY MURDZAK, | Judge Howard C. Nielson |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States, I intend to plead guilty to Counts I and II of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the government is required to prove in order to convict me. The elements of Counts I and II, Bank Robbery are:

   That I intentionally took money from the person and presence of another;

   That the money belonged to, and was in the possession of, a federally insured bank at the time of the taking; and

   That I took the money by means of force, violence or intimidation.

2. I know that the maximum possible penalty provided by law for Counts I and II of the Indictment, violations of 18 U.S.C. § 2113(a), is a term of imprisonment of up to twenty (20) years, a fine of $250,000.00, a term of supervised release of three (3)

years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

      a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, I understand that restitution to the victims of my offenses will be ordered pursuant to 18 U.S.C. § 3663A.

      b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

      4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

      5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

      6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

      a. I have a right to the assistance of counsel at every stage of the proceeding.

      b. I have a right to see and observe the witnesses who testify against me.

      c. My attorney can cross-examine all witnesses who testify against me.

      d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

      e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

      f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

      g. The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

      h. It requires a unanimous verdict of a jury to convict me.

      i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

    7. If I plead guilty, I will not have a trial of any kind.

    8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

    9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

    10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

    11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> I admit that on June 4, 2019, I entered the Wells Fargo Bank, 4301 South Harrison Boulevard, Odgen, Utah, with the intent of robbing that establishment. I admit that I handed a teller a note which stated to give me "all the loose 100s" and told the teller to "hurry, hurry." The teller complied with my demand and gave me $5200 in United States currency. I further admit that on June 24, 2019, I entered the same bank with the intent to again rob that establishment. I gave the teller a note and directed the teller to give me money. The teller then gave me $3450 in United States currency. I admit that my conduct on June 4 and June 24 at the Wells Fargo Bank would cause a person of ordinary sensibilities to be fearful of bodily harm. I agree and understand that the ~~Key Bank~~ Wells Fargo Bank I robbed was federally insured by the Federal Deposit Insurance Corporation at the time of both of my offenses.

    12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

      a. **Guilty Plea.** I will plead guilty to Counts I and II of the Indictment.

3

b. **Acceptance of Responsibility.** The government agrees to recommend that I be given a three-level reduction for acceptance of responsibility if the offense level is 16 or greater, or a two-level reduction if the offense level is less than 16, if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines.

c. **Low End Recommendation.** The government agrees to recommend that I be sentenced to the low end of the guideline range as determined in my case.

d. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

e. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means.

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three months or 50% of my income in prison from both institution and other sources. I agree to pay restitution during any period of incarceration imposed on me.

(4) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

4

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

1. I am **53** years of age. My education consists of **GED**. I **can** [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this

5

agreement because I agree with the terms and all of the statements are correct.

DATED this 18th day of September, 2019.

X _____
ANTHONY MURDZAK
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 18th day of September, 2019.

_____
ROBERT STEELE
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 18th day of September, 2019.

_____
VEDA M. TRAVIS
Assistant United States Attorney

6